IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUMMIT DATA SYSTEMS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> ADAPTEC, INC., HIGH POINT TECHNOLOGIES INCORPORATED, INFORTREND CORPORATION, and PROMISE TECHNOLOGY, INC., <br><br> Defendants. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Summit Data Systems, LLC ("SDS") files this its Complaint against Defendants showing this Court as follows.

## NATURE OF THE ACTION

1. This is an action for patent infringement, arising out of Defendants' infringement of U.S. Pat. No. 6,965,956, issued on November 15, 2005, and entitled "Disk Array Controller and System with Automated Detection and Control of both ATA and SCSI Disk Drives" (the "'956 Patent"). A true and correct copy of the '956 Patent is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff is a limited liability company, organized and existing under the laws of the state of Texas, with its principal place of business also in the state of Texas.

3. Upon information and belief, Defendant Adaptec, Inc. ("Adaptec") is a corporation organized and existing under the laws of the state of Delaware. Adaptec's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Adaptec does

business in the state of Delaware by, among other things, offering for sale and selling the Adaptec Products, as defined below, within the state of Delaware.

4. Upon information and belief, Defendant High Point Technologies Incorporated ("High Point") is a corporation organized and existing under the laws of the state of Delaware. Defendant High Point's registered agent for service of process is Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, Delaware 19901. Upon information and belief, High Point does business in the state of Delaware by, among other things, offering for sale and selling the High Point Products, as defined below, within the state of Delaware.

5. Upon information and belief, Defendant Infortend Corporation ("Infortrend") is a corporation organized and existing under the laws of the state of California. Upon information and belief, Infortrend's registered agent for service of process is Mr. Tony Chu, 2200 Zanker Road, #130, San Jose, California 95131. Upon information and belief, Infortrend has offered for sale and/or sold the Infortrend Products (as defined below) within the state of Delaware.

6. Upon information and belief, Defendant Promise Technology, Inc. ("Promise") is a corporation organized and existing under the laws of the state of Delaware. Defendant Promise has failed to identify a registered agent for service of process with the Delaware Secretary of State, Corporations Office and, accordingly, service upon Promise may be effectuated pursuant to 8 Del. C. § 321(b). Upon information and belief, Promise does business in the state of Delaware by, among other things, offering for sale and selling the Promise Products, as defined below, within the state of Delaware.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338.

8. This Court has personal jurisdiction over Defendant Infortrend by virtue of this company's offering for sale and selling the Infortrend Products, defined below, within the state of Delaware and, upon information and belief, by this company's deriving significant revenue from such sales. This Court has personal jurisdiction over the remaining Defendants by virtue of their being incorporated in Delaware and their doing business in the state of Delaware.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## OPERATIVE FACTS

### THE PATENTS-IN-SUIT

10. SDS is the owner by assignment of all right, title, and interest in the '956 Patent.

11. The '956 Patent describes a novel disk array controller that is capable of ascertaining whether the controller is connected to a disk that utilizes the Advanced Technology Attachment ("ATA") or Small Computer System Interface ("SCSI") communication protocol and, based upon this determination, connect and communicate with such disk. The novel disk array controller also allows disk arrays to be composed of a mixture of ATA and SCSI disks, communications with which are all performed through the single controller.

12. Claim 1 of the '956 Patent provides:

1. A disk array controller, comprising:

   a plurality of ports for connecting a plurality of disk drives;

   detection logic for detecting a type of each such disk drive, wherein the detection logic is capable of distinguishing between an Advanced Technology Attachment (ATA) disk drive and a Small Computer System Interface (SCSI) disk drive; and

   a plurality of controllers for controlling the plurality of disk drives, each controller comprising an ATA protocol engine and a SCSI protocol engine such that each controller can control an ATA disk drive or a SCSI disk drive.

'956 Patent, Col. 6, ll. 22-35.

THE INFRINGING PRODUCTS

Defendant Adaptec's Products

13. Defendant Adaptec, within the United States, manufactures, uses, offers for sale, or sells Adaptec Unified Serial™ (SATA/SAS) RAID controllers and other products, including, but not limited to, the Adaptec RAID 5805, (collectively, the "Adaptec Products"). The Adaptec Products, among other things, ascertain whether the controller is connected to a ATA or SCSI drive and utilize the appropriate protocol to communicate with the disk based upon this determination.

14. The Adaptec Products practice each limitation set forth in at least claim 1 of the '956 Patent.

15. Defendant Adaptec does not have a license or other authorization to practice the claims set forth in the '956 Patent.

Defendant High Point's Products

16. Defendant High Point, within the United States, manufactures, uses, offers for sale, or sells RocketRAID SAS/SATA controllers and other products, including, but not limited to, the RocketRAID 2640X4 (collectively, the "High Point Products"). The High Point Products, among other things, ascertain whether the controller is connected to a ATA or SCSI drive and utilize the appropriate protocol to communicate with the disk based upon this determination.

17. The High Point Products practice each limitation set forth in at least claim 1 of the '956 Patent.

18. Defendant High Point does not have a license or other authorization to practice the claims set forth in the '956 Patent.

### Defendant Infortrend's Products

19.     Defendant Infortrend, within the United States, manufactures, uses, offers for sale, or sells network storage and other products, including, but not limited to, the EonStor DS-ISCSI Series, (collectively, the "Infortrend Products").  The Infortrend Products, among other things, ascertain whether the controller is connected to a ATA or SCSI drive and utilize the appropriate protocol to communicate with the disk based upon this determination.

20.     The Infortrend Products practice each limitation set forth in at least claim 1 of the '956 Patent.

21.     Defendant Infortrend does not have a license or other authorization to practice the claims set forth in the '956 Patent.

### Defendant Promise's Products

22.     Defendant Promise, within the United States, manufactures, uses, offers for sale, or sells RAID controllers and other products, including, but not limited to, the Fast Track TX4650 (collectively, the "Promise Products").  The Promise Products, among other things, ascertain whether the controller is connected to a ATA or SCSI drive and utilize the appropriate protocol to communicate with the disk based upon this determination.

23.     The Promise Products practice each limitation set forth in at least claim 1 of the '956 Patent.

24.     Defendant Promise does not have a license or other authorization to practice the claims set forth in the '956 Patent.

25.     All conditions precedent to the assertion of the claims set forth in this Complaint have been satisfied or waived.

## COUNT ONE
### ADAPTEC'S INFRINGEMENT OF THE '956 PATENT

26.  SDS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-3, 7-15, and 25.

27.  By reason of some or all of the foregoing, Defendant Adaptec has infringed at least Claim 1 of the '956 Patent.

28.  SDS has suffered damages as the direct and proximate result of Defendant Adaptec's infringement of the '956 Patent.

## COUNT TWO
### HIGH POINT'S INFRINGEMENT OF THE '956 PATENT

29.  SDS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 4, 7-12, 16-18, and 25.

30.  By reason of some or all of the foregoing, Defendant High Point has infringed at least Claim 1 of the '956 Patent.

31.  SDS has suffered damages as the direct and proximate result of Defendant High Point's infringement of the '956 Patent.

## COUNT THREE
### INFORTREND'S INFRINGEMENT OF THE '956 PATENT

32.  SDS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 5, 7-12, 19-21, and 25.

33.  By reason of some or all of the foregoing, Defendant Infortrend has infringed at least Claim 1 of the '956 Patent.

34.  SDS has suffered damages as the direct and proximate result of Defendant Infortrend's infringement of the '956 Patent.

COUNT FOUR

PROMISE'S INFRINGEMENT OF THE '956 PATENT

35. SDS incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-2, 7-12, 22-25.

36. By reason of some or all of the foregoing, Defendant Promise has infringed at least Claim 1 of the '956 Patent.

37. SDS has suffered damages as the direct and proximate result of Defendant Promise's infringement of the '956 Patent.

WHEREFORE, SDS demands trial by jury and prays that this Court:

(1) Enter judgment in favor of SDS and against Defendants for infringement of the '956 Patent, as set forth above;

(2) Award damages along with attorneys' fees and costs to SDS in an amount to be proven at trial for Defendants' infringement, pursuant to 35 U.S.C. § 284;

(3) Award SDS such other and further relief as the Court deems just and proper, premises considered.

PROCTOR HEYMAN, LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Samuel T. Hirzel (No. 4415)
1116 N. West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff Summit Data Systems, LLC

OF COUNSEL:

Bryan G. Harrison
John P. Fry
W. Andrew McNeil
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326
Phone:  (404) 233-7000
Fax:  (404) 365-9532

Dated: September 1, 2010