IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUMMIT DATA SYSTEMS, L.L.C., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 1:10-CV-00748-RGA |
| ADAPTEC, INC., HIGHPOINT : | JURY TRIAL DEMANDED |
| TECHNOLOGIES INCORPORATED, : | |
| HITACHI DATA SYSTEMS : | |
| CORPORATION, INFORTREND : | |
| CORPORATION, and : | |
| PROMISE TECHNOLOGY, INC., : | |
| : | |
| Defendants. : | |

## **MOTION FOR DEFAULT JUDGMENT**

Pursuant to Fed. R. Civ. P. 55, plaintiff Summit Data Systems, L.L.C. ("SDS" or "Plaintiff") respectfully requests that the Court enter default and judgment by default in its favor and against defendant Promise Technology, Inc. ("Promise") for Promise's failure to file an Answer or other responsive pleading as required by law. The grounds for this motion are as follows:

1. SDS commenced this action by filing the Complaint on September 1, 2010. [D.I. 1]. Promise Technology, Inc., ("Promise") a Delaware corporation, has failed to designate a registered agent with the Division of Corporations of the Secretary of the State of Delaware as required by 8 *Del. C.* § 132. Service of the Complaint was therefore effected upon Promise by serving the Secretary of State in accordance with 8 *Del. C.* § 321(b) on September 9, 2010. [D.I. 9].

2. On September 20, 2010, SDS filed its First Amended Complaint. [D.I. 6]. Plaintiff moved to amend the First Amended Complaint on February 14, 2011, for the purpose of

joining an additional party as defendant and adding claims for willful infringement arising from activities undertaken after the filing of the initial complaint. [D.I. 30] On February 17, 2011, this Court granted the motion [D.I. 31] and the Second Amended Complaint was entered onto the docket [D.I. 32].

3. Because the Second Amended Complaint asserted a new claim of relief against Promise, SDS again served the Secretary of State pursuant to Section 321(b) on March 17, 2011. [D.I. 36]. To date, Promise has failed to appear.

4. Promise has failed to answer, move or otherwise respond to the Complaint. On May 18, 2011, Plaintiff requested a default against Promise. [D.I. 53]. The Clerk of the Court entered the default against Promise on May 31, 2011. [D.I. 54].

5. On March 8, 2012 his Court entered an oral Order ordering Plaintiff to move for default judgment or show cause why Promise should not be dismissed.

6. As of the date of this declaration, Promise has not answered, moved or otherwise responded to the Second Amended Complaint.

## ARGUMENT

### I. Entering Default Judgment is Appropriate

7. Entry of default judgment is a two step process. *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citations omitted). First, a default must be entered by the Clerk "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend…" Fed. R. Civ. P. 55(a). Once default has been entered, a party may apply to the court for entry of default judgment.

8. Three factors control whether a default judgment should be granted: "(1) the plaintiff will be prejudiced if default is denied; (2) whether the defendant appears to have a

litigable defense, and (3) whether defendant's delay is due to culpable conduct." In *Tristatra*, the Court held that default judgment was proper where the action had been pending for three years, the defendant had failed to appear and default against the defendant had been entered eighteen months previous. 270 F.R.D. at 164.

9. Default judgment should be entered against Promise and in favor of SDS. SDS fulfilled the prerequisite for moving for a default judgment by requesting that the Clerk of this Court enter a default against Promise. That default was entered more than nine months ago. Moreover, this action has been pending for nearly two years and during that time, Promise has failed to appear or respond to the Complaint.

10. Default judgment is further appropriate due to the prejudice to Plaintiff by Promise's failure to appear. SDS has been unable to enforce its patent rights or recover damages under the law. Whether Promise has any meritorious defense is impossible to ascertain, as it has failed to file an Answer or otherwise appear.

## CONCLUSION

Accordingly, and for the foregoing reasons, plaintiff SDS respectfully requests the entry of default judgment against Promise Technology, Inc., in an amount to be determined following discovery and a hearing on damages.

                PROCTOR HEYMAN, LLP

                */s/ Melissa N. Donimirski*
                Neal C. Belgam (# 2721)
                nbelgam@proctorheyman.com
                Sam Hirzel (# 4415)
                shirzel@proctorheyman.com
                Melissa N. Donimirski (# 4701)
                mdonimirski@proctorheyman.com
                300 Delaware Ave., Ste 200
                Wilmington, DE 19801
                (302) 472-7300

                Attorneys for Plaintiff Summit Data Systems, LLC

OF COUNSEL:

MORRIS, MANNING & MARTIN, LLP
Bryan G. Harrison
bgh@mmmlaw.com
W. Andrew McNeil
wmcneil@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326-1044
(404) 233-7000

Dated March 19, 2012